MICHAEL SUTTER, ADMINISTRATOR OF PETER GUTZWEILER, Ap-
pellant, *v.* DEIDRICH H. LACKMANN, RUDOLPH RAUSCHER-
AUD, AND AUGUST PLITT, Respondents.

1. *Ejectment — Administration.* — A leasehold for ten years is a chattel inter-
est, and passes to the administrator and not to the heirs of the lessee.
2. *Evidence — Fraudulent Conveyance.* — Testimony to prove the bad faith of
the parties in a sale of goods, wholly disconnected with a subsequent sale
of realty, is not admissible to prove bad faith in the sale of the realty.
3. *Evidence — Admissions.* — Admissions made by the grantor in a deed after
the sale are not admissible in evidence to affect the title of the grantee un-
less he assented to them, or they were made in his presence without objec-
tion.
4. *Evidence—Fraudulent Conveyance.*—Where a deed is regular upon its face,
it is incumbent upon the party attacking the deed to prove affirmatively
that it was fraudulent, and the burden of proof is upon him.
5. *Practice — Evidence—Instructions.*—Where evidence has been improperly
admitted, it is the duty of the court to correct the error by instruction.

*Appeal from St. Louis Court of Common Pleas.*

Ejectment for leasehold estate—See S. C. 23 Mo. 168, and 28 Mo. 484.

Plaintiff's title was as follows: Lease by Ann Biddle to John T. Schulze, dated September 1, 1845, for ten years, with clause of renewal.

Schulze and Manck had been partners, and upon dissolution of the partnership Schulze assumed to pay all the debts, and made a deed of trust to Thos..J. Meier to secure Manck against the claims of the creditors of the firm, dated December 31, 1851. Sale under this deed of trust by trustee, May 17, 1852; purchase by and deed to plaintiff. Plaintiff having died pending the suit, it was revived in the name of the administrator.

The defence was that the plaintiff's purchase was made in fraud of creditors and with moneys furnished by Schulze. To prove this defendant gave in evidence a bill of sale made by Schulze and Manck to plaintiff of their stock of goods, dated October 14, 1851. It was admitted that this bill of sale was fraudulent.

The parties to the deeds were examined. The statements of Schulze, made to Judge Lord subsequent to the sale by the trustee, were admitted in evidence against the objections of the plaintiff. It was shown that plaintiff paid the amount bid at the trustee's sale, and that it was distributed among the creditors of the firm.

Defendant claimed title under a judgment dated April 22, 1852, and an execution against Schulze and Manck, and a sheriff's deed dated September 29, 1853.

Plaintiff's instructions :

1. If the jury shall believe from the evidence that the property in dispute was purchased at the trustee's sale by the plaintiff for his own individual account, and that the money which was paid for the same was the money of the plaintiff, then they ought to find for plaintiff.

2. The deed from Meier (the trustee) to the plaintiff being fair and regular on its face, it devolves on the defendants who attack it to establish by evidence satisfactory to the jury that the plaintiff (Gutzweiler) bought the property for the use and benefit of Schulze, the said Schulze furnishing the purchase money or a part thereof.

3. Any statement that Schulze may have made (after the purchase of said property by plaintiff) to the effect that he would have to go to Alton for the purchase money, or any statement tending to show that he had purchased property, or that plaintiff had purchased the same for him, unless such statements were made in the presence and hearing of plaintiff, is incompetent, and will be disregarded by the jury.

4. If the jury find for the plaintiff, they will assess the amount of damages the plaintiff has suffered; and the measure of damages is the value of the rents and profits of the premises sued for, from the commencement of this suit to the termination of the lease; and the jury will find in addition, and separately, the value of the monthly rents, and rents and profits.

5. If the jury find for the plaintiff, they will assess the amount of the damages the plaintiff has suffered; and the measure of the damages is the value of the rents and profits to the expiration of said lease.

Defendants' instructions given :

1. If the jury believe from the evidence that Peter Gutzweiler purchased the lot sued for, at the sale of the trustee Meier, for Schulze, or that the purchase money or any part of it was paid with the means of Schulze, they will find for the defendants.

2. The jury are instructed that if they believe from the evidence that any witness has in a material matter, or as to a material fact, within his knowledge, wilfully sworn falsely, the jury are at liberty to disregard the whole of his testimony.

3. The jury are instructed that the declarations of Thos. J. Meier, as incorporated in the cross-examination read this

*Gutzweiler's Adm'r v. Lackmann et als.*

morning by plaintiff's counsel to the jury, that the premises sued for at the date he testified, were renting for $700, is incompetent testimony, and the jury are to disregard it in making their verdict. The jury is confined to the time prior to September 1, 1855, in their inquiries as to the value of the rent.

Defendants' instructions refused:

1. The jury are instructed that if they believe from the evidence that the purchase money of Gutzweiler at the trustee's sale, or any part thereof, was paid by or out of the means of Schulze, plaintiff cannot recover.

2. The jury are instructed that if the bill of sale of the jewelry by Schulze and Manck, for the consideration of four thousand dollars, to Peter Gutzweiler, the plaintiff, was for the purpose of gaining time for Schulze and Manck, and to hinder or delay or to defraud the creditors of Schulze and Manck in the collection of their claims; that Gutzweiler never paid any part of the consideration; then the transaction was fraudulent as against the creditors of Schulze and Manck, but can have no effect upon the determination of the issues in this cause, than such weight as the jury believes should be given to it as evidence to be weighed with other evidence in the cause.

*Witham* and *Hudgens & Son*, for appellant.

There was error in the admission of C. B. Lord's statement in regard to admissions or declarations made by Schulze after the sale by trustee to plaintiff in 1853, and in the absence of Gutzweiler.

I. Because the admissions of Schulze, the insolvent debtor, after the sale of his property by trustee, were incompetent and inadmissible to impeach or invalidate the title of Gutzweiler, the purchaser—35 Mo. 202; 1 Greenl. Ev. §§ 180, 181, 190, 197; 15 Barb. 560; 4 Blackf. 445; 14 Serg. & R. 388–93; 4 Mass. 702–8.; 12 Mass. 439; 5 Johns. 412; 1 Serg. & R. 526.

II. Because the statements were made in the absence of

Gutzweiler, against whom they were offered in evidence and were not admissible, and the court therefore erred both in admitting the hearsay evidence of Lord, and in refusing to give the 3d instruction asked by plaintiff to exclude the same —1 Greenl. Ev. §§ 187–90; 35 Mo. 202; 38 Mo. 173–7; 33 Mo. 118; 10 Johns. 66; 15 Conn. 68; 3 Serg. & R. 9–19.

III. Schulze himself was a competent witness, and the statements of Lord were mere hearsay and inadmissible.

IV. The second instruction asked by plaintiff and refused by the court should have been given. The defendant charges fraud in plaintiff's title, and it is certainly incumbent upon him to prove the fraud, or else the plaintiff's title being admitted to be eldest must prevail. This is all the instruction asked and was certainly proper, and appellant assigns the refusal of such instruction as material error. This same instruction was approved by this court in the case 28 Mo. 434.

V. The 3d instruction asked by plaintiff should have been given. It was properly asking the court to exclude from the jury the improper evidence above referred to—the hearsay statements of Schulze, who is not a party to the suit, and was mere impression as to who spoke, or to what he said, in the absence of Gutzweiler, the purchaser, whom they are intended to affect. The statements and testimony were objected to at the time, but admitted by the court notwithstanding the objections, and the court persisted in forcing the incompetent testimony on the jury by refusing this instruction—28 Mo. 335; id. 173–7; 35 Mo. 202.

*A. J. P. Garesché*, for respondents.

I. The declarations of Schulze to Lord were properly admitted. The record does not show that Gutzweiler was absent; on the contrary, that Meier, Schulze, Judge Lord and Gutzweiler all walked down together from the sale to Judge Lord's office, stopping on their way to get a glass of beer. Because they were made to Judge Lord in his capacity of agent of Meier, the trustee, pending such agency in respect to the sale, and therefore part of the *res gestæ*.

II. The testimony being proper, the instruction asking for its exclusion was properly refused.

III. The evidence in regard to the bill of sale and the transfer of the jewelry stock to Gutzweiler was competent; because it was undoubtedly fraudulent, for Meier paid nothing for it, but did it to help Schulze along. Meier further says that he had nothing to do with it, unless some one had interfered with Schulze's possession of it, when it would have been his duty to interfere and to have claimed it for Gutzweiler. Who but a creditor could have interfered? Just so in this cause. Because creditors interfere, the property is at once claimed by Gutzweiler as his own. It proved the relations which existed between the parties. Again, it proved that Schulze got the money. Manck proved the stock to have been worth $4,800; of this only $630 was paid to creditors. Whatever Schulze paid to Gutzweiler was repaid to him by Gutzweiler. Schulze bought a farm, but no part of this money entered into the purchase. Now the debts of the firm were about $2,500 ($2,632); Schulze's own, $1,000. The assets were, stock $4,800, and the leasehold premises in dispute. These rented for $40 or $50 per month, and this surely should have maintained Schulze. Finally, it proved a conspiracy between Schulze and Gutzweiler to defraud the creditors out of the former, and might well be weighed by the jury to determine for whom and with whose funds Gutzweiler's purchase was made.

IV. Great latitude is allowed in the introduction of evidence where there is a question of fraud—Lane v. Kingsbury, 11 Mo. 402.

V. If there existed a conspiracy between Gutzweiler and Schulze to defraud the creditors of the latter, the declarations and acts of either, even in the absence of the other, are admissible (1 Greenl. Ev. 141, § 111), and this principle applies to the case of a fraudulent conveyance—Waterbury v. Sturtevant, 18 Wend. 354.

VI. The 2d instruction is merely as to the *onus probandi*, and could not possibly have affected the result. To tell the

jury nothing as to the burden of proof is certainly less material than the closing argument; and for error in this respect the court will not reverse—Brennan v. Farrell, 32 Mo. 328. As to its importance, see Ayers v. Austin, 6 Pick. 226. For only material error can the court reverse—R. C. 1855, p. 1300, § 34.

VII. The plaintiff having excepted only to the first instruction given for defendant, cannot here assign the others as error—R. C. 1855, p. 1300, § 33.

VIII. The lease having expired, no other recovery can be had than for damages, and only up to the expiration of the lease—R. C. 1855, p. 693, § 14; Gutzweiler v. Lackmann, 28 Mo. 437. An administrator cannot bring ejectment—Aubuchon v. Long, 23 Mo. 99.

FAGG, Judge, delivered the opinion of the court.

Instead of considering the points in the order in which they stand in the argument of the case, it is proper first to dispose of the objection made by the counsel for the respondents, viz., that the action of ejectment cannot be maintained by an administrator. The case of Aubuchon v. Long, 23 Mo. 99, is cited as a case directly in point. That was an action commenced by an executrix for an alleged trespass upon the land of her testator committed after his death, and the court held that it could not be maintained, because "the *real estate* of a deceased person descends upon his death to his heirs, or passes to his devisees under his will." The property involved in this controversy was simply a leasehold estate limited to ten years, and which had actually expired before the substitution of the party plaintiff.

Being a lease for ten years, we think it should be treated as a mere chattel interest, which of course goes to the administrator upon the death of his intestate and not to the heirs, and therefore the suit was properly revived in the name of the personal representative. This case has been twice before this court by appeal, and the principal points disposed of as stated in the opinion delivered by Judge Scott.

The real question left to be determined by the court below at the last trial was whether the property had been purchased at the trustee's sale by Gutzweiler with means furnished by by Schulze. The only object of the present investigation, then, is to ascertain whether or not this question was fairly presented to the jury in the admission of testimony and in the declarations of the law as given by the court.

The first point of objection on the part of the appellant is that the court erred in the admission of testimony to show that there had been a fraudulent transaction between Schulze and Manck, who were partners in a jewelry store in the city of St. Louis, in the execution of a bill of sale for their stock of goods to Gutzweiler in the year 1851. Two witnesses, Henry Manck and Thomas J. Meier (the first being the former partner of Schulze, and the other the trustee who made the sale of the property at which Gutzweiler became the purchaser), were called by the respondents and permitted to detail with great minuteness all the facts and circumstances connected with that transaction. It was testimony tending to prove the bad faith of these parties in a matter wholly disconnected (as far as the record shows) from the real question at issue, and must be treated as erroneous.

It is admitted that a very large latitude must be given in the investigation of fraud, and it is difficult to lay down any general rule to govern in such cases. It may be sufficient for the purposes of this case to say, that, unless some connection was established by the testimony between the conveyance of the stock of jewelry to Gutzweiler (admitting it to have been fraudulent as to creditors) and the purchase of the property at the trustee's sale, it was improper for it to have gone to the jury. Here were two transactions between the same parties, with a period of two years intervening, and not in reference to matters which were connected in any manner. The first being proved to be fraudulent, is not a fact from which a jury would be at liberty to infer that the other was fraudulent also. This testimony should therefore have been excluded.

The next point of objection made by the appellant is as to the admission of the testimony of C. B. Lord in reference to a conversation between the witness and Schulze after the sale, and at which Gutzweiler, the purchaser, is not shown to have been present. Any admissions that may have been made by Schulze in reference to the sale of the property ought not to be permitted to affect Gutzweiler, unless it be shown affirmatively that they were assented to him, or made in his presence, without objection on his part. This general remark upon the testimony will be sufficient without stating particularly the objections which are so manifest as to suggest themselves at once upon a rehearing of this cause. A few remarks upon the instructions given and refused by the court will complete all that is necessary to be said according to our views of the case.

The second instruction asked by the plaintiff and refused by the court assumes the fact that the deed to Gutzweiler was regular on its face, and that the *onus* rested on the defendants, who had attacked it as fraudulent upon the ground that the purchase money, or a part thereof, had been furnished by Schulze.

This instruction ought not to have been refused. There seems to have been no question as to the execution of the deed. There was no pretence that it was not regular upon its face, and it certainly devolved upon the defendants, in the trial of the issue then submitted to the jury, to prove to their satisfaction the affirmative. The first instruction asked and given on the part of the defendants stated the issues correctly, but was silent as to the question of the regularity of the deed as well as to the burden of proof; and whilst therefore it is not of itself objectionable, still the giving of it cannot be said to have superseded the necessity of giving the second instruction asked by plaintiff.

The object of the third instruction asked by the plaintiff and refused was to exclude from the consideration of the jury so much of Judge Lord's testimony as referred to statements made to him by Schulze after the sale, and not in the

presence or hearing of Gutzweiler. Having permitted these statements to be made before the jury, and which had been introduced by the defendants as tending to prove the fact that Gutzweiler bought the property for Schulze with means furnished by him, this injury to the plaintiff's case ought to have been repaired as far as possible by giving this instruction. It would not have been a complete remedy for it, because the impression already made upon the minds of the jurors is not to be considered as entirely obliterated by the instruction ; but having admitted improper testimony, it was all that could have been done then to correct it.

The other judges concurring, the judgment of the court below will be reversed and the cause remanded.