Weinrich et al. v. Porter.

Lew Weinrich & Co., Defendants in Error, *v.* W. H. Porter, Plaintiff in Error.

| 47 | 293 |
| 31a | 9 |
| 31a | 98 |
| 31a | 500 |
| 47 | 293 |
| 46a | 535 |
| 47 | 293 |
| 53a | 645 |
| 47 | 293 |
| 102 | 169 |
| 102 | 183 |
| 47 | 293 |
| 74a | 443 |
| 47 | 293 |
| 149 | 473 |

1. *Evidence — Sale, testimony of vendor touching, after, inadmissible, when.*
— Admissions made by a grantor in a deed, or an assignor in an assignment, after making the deed or assignment, are not competent evidence against the grantee or assignee. However, when a common purpose is shown in the assignor and assignee to defraud the creditors of the assignee, the rule is different.

But declarations of a vendor, not made until some time after the vendee had taken possession of the goods under the sale, and at a time when the vendor had no control over them, would be inadmissible. At that time he would have no such interest in the goods as would entitle him to make any declarations or admissions that could affect the rights of the vendee.

*Error to First District Court.*

*Phillips & Vest,* for plaintiff in error.

The testimony of Wangelin, accompanied by the instruction of the court, at the time was properly admitted. After a vendor has parted with his property, of course he can not affect the title by any subsequent acts or declarations (35 Mo. 202); but when a fraudulent conspiracy is charged, and when the court explains at the time to the jury the effect of such evidence, it is no ground for a reversal. (3 Greenl. Ev. 89, 90; 29 Mo. 51.)

*F. P. Wright* and *Draffin,* for defendants in error.

The declarations and statements of Norton and Townsend, made after the sale and transfer of the goods to Lew Weinrich & Co., were clearly inadmissible. (Stewart, to use of Graham, v. Thomas, Adm'r, 35 Mo. 207; Gutzweiler's Adm'r v. Lackman *et al.*, 39 Mo. 91; Lessee of Packer v. Gonsalus, 1 Serg. & R. 526; 1 Greenl. Ev. 180.)

Wagner, Judge, delivered the opinion of the court.

Norton & Townsend, a mercantile firm doing business in Sedalia, were in embarrassed and failing circumstances, and owed the plaintiffs in this action the sum of $2,000, Greenfield, Sale & Co. the sum of $272, Jonas Mayberg & Co. the sum of $663, besides

other indebtedness. To secure plaintiffs' indebtedness, they executed to them a writing transferring to them their entire stock of goods, amounting to $3,000 and upwards, plaintiffs assuming to pay to Turner, one. of Norton & Townsend's creditors, the sum of $485 ; and the balance, it is alleged, was put in to defray the expenses of selling and winding up the business. The plaintiffs took possession of the goods and employed Norton to sell them. Shortly after the sale, Greenfield, Sale & Co. and Jonas Mayberg & Co. instituted their suits of attachment against Norton & Townsend, and caused the sheriff to attach and take possession of part of the goods sold, on the ground that the sale to plaintiffs was fraudulent and void. Plaintiffs brought this suit for the specific recovery of the goods, against the sheriff, who is the defendant here. At the trial in the Circuit Court the jury returned a verdict for the defendant, upon which judgment was rendered. This judgment was reversed in the District Court, and the defendant now prosecutes his writ of error. There is no point made in reference to the instructions given for the plaintiffs, and they were not excepted to in the court below.

During the trial the defendant introduced as a witness a member of the firm of Jonas Mayberg & Co., who testified that after the sale and transfer of the goods to plaintiffs he had repeated conversations with Norton & Townsend, and they told him to attach the goods and make his debt; that he could do it easily ; that the sale was a fraud, a mere sham, and intended to keep Greenfield, Sale & Co. out of their money. This evidence was objected to by the plaintiffs, but the court overruled the objection and admitted it. Admissions made by a grantor in a deed or an assignor in an assignment, after making the deed or assignment, are not competent evidence against the grantee or assignee. (Stewart v. Thomas, 35 Mo. 202 ; Gutzweiler's Adm'r v. Lackman, 39 Mo. 91 ; Turpin v. Marksberry, 3 J. J. Marsh. 622 ; 1 Greenl. Ev., § 180.) But where a common purpose is shown in the assignor and assignee to defraud the creditors of the assignee, the rule is otherwise. (Waterbury v. Sturtevant, 18 Wend. 353 ; Cuyler v. McCartney, 33 Barb. 165 ; Peck v. Crouse, 46 Barb. 151.)

The declarations of the vendors admitted in evidence in this case were not made till some time after the vendees had taken possession of the goods under the sale and transfer. The vendors then had no control over the goods, and they did not have such an interest in the goods as entitled them to make any declaration or admission that could affect the rights of the vendees. Whatever they said was mere hearsay, and therefore not competent evidence against the plaintiffs, who held and were in possession under the contract of sale. The evidence was not admissible on the ground that there was a conspiracy or a common purpose to defraud, for the record wholly fails to disclose anything of that character. Therefore the instructions given for the defendant, based on this evidence of the witness, were wrong, and should have been refused. There is no other question presented by the record which requires any particular consideration. Counsel have discussed several other points, but we can not see that any further error was committed.

The judgment of the District Court will be affirmed. The other judges concur.