## DAYTON *v.* THE WYOMING NATIONAL BANK.

EVIDENCE.—An affidavit made in the action by a witness on a former occasion, simply showing contradictory statements, cannot be introduced as evidence on the cross-examination of such witness, except for the purpose of impeachment.

IDEM.—To impeach the testimony of a witness in that manner, it is necessary to call the attention of the witness to his previous statements, by definitely fixing time, place and circumstances.

REPLEVIN.—Where a sheriff was sued in replevin for property taken by him as such sheriff, under certain writs of attachment: *Held*, that it was unnecessary for him to prove on the defense that he was in every respect the qualified sheriff of the county; it was sufficient to prove that he was the sheriff *de facto* of such county.

IDEM.—Nor that it was necessary for him to prove, in order to establish his right to hold the property under such writs, that the attachments were issued on valid and *bona fide* claims.

IDEM.—The sheriff need not go behind the face of the papers. If they have been issued in due form from a court of competent jurisdiction, he will be protected.

IDEM.—The plaintiff in a suit in replevin must prove the ownership, in a right of possession to the property, by a preponderance of evidence.

IDEM.—He cannot make out his case by attacking the defendant's title.

ERROR to Second District Court, for Albany County.

The defendant in error, plaintiff in the district court, commenced an action in replevin against the plaintiff in error, defendant in the district court, for the recovery of the possession of five hundred cords of fire-wood. The petition alleged that the plaintiff was the owner of said wood, and was entitled to the immediate possession thereof; that the defendant wrongfully and unjustly detained in his possession the said

wood, and had so detained the said wood for the period of thirty days, to the damage of the plaintiff in the sum of five hundred dollars.

The defendant, for answer to the petition: 1. Denied the petition generally; 2. Denied that the plaintiff was the owner of the wood in question; that the plaintiff was entitled to the immediate possession thereof; that the defendant ever took or held the wood in question; and that the the defendant ever unlawfully detained the possession of the said wood from the plaintiff; 3. The defendant alleged, that as the lawful sheriff of Albany county, and by virtue of certain writs of attachment issued out of the district court of said county, directed to him, the sheriff of said county, against one W. S. Brammel, he levied upon said wood as the property of said Brammel, and took the same into his possession; that at the time of said levy, the said Brammel was the owner of and in the possession of said wood, and that by reason of said levy, he, the defendant, as sheriff, had a special property in said wood to the amount of two thousand three hundred dollars, for which he prayed judgment.

No replication appears from the record to have been filed to this answer. The wood in question, on the writ of attachment, was delivered to the plaintiff. The evidence offered showed that the plaintiff claimed to be the owner of the wood by reason of an alleged purchase of the wood of W. S. Brammel, the defendant in the writs of attachment previous to the issuing of said writs. A number of important questions were raised by the testimony, among which were: Whether the plaintiff ever purchased the wood in question? Whether the wood was in the possession of the said Brammel, or in the possession of the plaintiff at the time the same was attached? There was conflicting testimony upon each of these questions. The jury under the instructions of the court found for the plaintiff in the court below, and assessed the damages at four hundred and twenty-six dollars, and after motion for a new trial interposed by the defendant in the court below was overruled, a judgment

was rendered on the verdict for the plaintiff. A large number of exceptions were taken in the court below to the rulings of the presiding judge, which are the basis of the petition in error.

*E. P. Johnson and M. C. Brown,* for plaintiff in error, contended that there was manifest error committed by the district court in refusing to admit the affidavit of the witness Ivinson, in admitting other testimony, and to the charge given to the jury and cited on the question of evidence: 1 Greenl., sec. 449; 2 Phill. 912; 1 Greenl. 442. And on the question of instructions: 2 Nash, 834; Hill. on Rem. for Torts, 30, 53, 97; 1 Phill. on Ev., 592; 1 Pars. on Cont., 475; Chitty on Cont., 8; *Baltis* v. *Hamlin,* 22 Wis. 669; 2 Nash, 112; *Williams* v. *West,* 2 Ohio St. 82; Sedg. on Dam., 453; Laws of Wyoming, 543; Powell on App. Proc., 145 *et seq.;* 5 Ohio, 338.

*J. W. Kingman,* for defendant in error, cited: Hill. on New Trials, secs. 39, 55, 55; Thompson on Prov. Rem., 144; 153; *King* v. *Barrett,* 11 Ohio St. 261; Seney's Code, 426, 443; Bell's Dig., 523; Crocker on Sheriffs, 865; Drake on Attach., 290; 2 Mass. Dig. 59.

By the Court, CAREY, J. The first question presented is: Did the court below properly refuse to permit the plaintiff in error to introduce on the trial as evidence an affidavit for continuance, that theretofore had been made by the witness Ivinson, agent for the defendant in error, and filed in the case? This affidavit could only have been introduced on the trial for one purpose; namely, to show that the said Ivinson, as a witness for the defendent in error, had made statements in the affidavit for continuance, contrary to those testified to on the trial, and thereby impeach the testimony of the witness. To impeach the testimony of a witness, it is necessary to call the attention of the witness to his previous statements, by fixing the time, place and circumstances. This rule is a wise one and should be followed.

It is simple justice to the witness. If his mind is directed to the particular circumstances and occasion, he may not only recollect but satisfactorily explain his previous and apparently contradictory statements. In this case the foundation was not laid to impeach the testimony of the said Ivinson, and the court properly ruled out the affidavit: 1 Greenleaf's Evidence, sec. 462. Another error assigned, is that the court below permitted the witness Charles Hutton, called by defendant in error in rebuttal, to answer the following question: "Did Brammel point out to you two piles of wood; if so, what did he say?" This question we consider objectionable. Brammel was not a party to the suit, and whatever statements he made to Hutton were hearsay. Since Brammel had been called as a witness by the plaintiff in error, the statements made to Hutton might have been related by Hutton to impeach and weaken the testimony of Brammel, if the foundation for such impeachment had been made, but as no such foundation was laid, the question should have been ruled out.

The court, at the request of the defendant in error, instructed the jury: "That the sheriff must establish by clear proof every fact requisite to give him the right to attach, to wit: 1. That he is the duly qualified sheriff of the county; 2. That a just debt existed in each of the attachments; 3. That a legal ground for an attachment existed; 4. That he made and kept by a legal possession a *bona fide* levy; 5. That the attaching creditors can get only such title as Brammel had at the time of the attachment, and if he had sold the wood either to the railroad company or the bank, and got his pay for it, the officer had no right to take it."

We are of the opinion that the foregoing instructions should have been refused by the court. While under a different state of circumstances they might have been applicable, we do not consider that they should have been given under the pleadings and evidence in the case without qualification. None of the propositions contained in the said instructions were raised by the pleadings, as no replication

was filed denying the special answer of the sheriff in reference to his holding the property in question on certain writs of attachment.

These instructions, without qualification, shifted the affirmative of the case from the plaintiff to defendant, and could not have done otherwise than have misled the jury. It is not necessary for an officer to produce the certificate of election or commission of appointment to show his official character. Proof that he has acted notoriously as such officer is *prima facie* evidence of his official character. All who have proved that they have acted as public officers are presumed to have been duly appointed or elected until the contrary appear: 9 Wend. 17; 1 Green. Ev. secs. 83, 92. Whether the debts in the attachment suits were just, or whether the ground upon which the attachment writs issued were legal, were not questions raised by the pleadings.

Another instruction given by the court below and assigned as error is as follows: "That payment of the purchase-money perfects a contract of sale as effectually as delivery of goods." This is the law as to the parties to the contract, but not as to third parties. Section 2 of "an act to prevent frauds and perjuries," Laws 1871, p. 77, expressly provides that the payment of purchase-money for personal property makes such contract a valid one; but we are of the opinion that the statute did not change the law as it existed previous to its passage, so far as the rights of third parties are concerned, and that the law in reference to the sale of chattels where the possession does not accompany the sale, so far as the rights of third parties are concerned, is the same as it existed under the statutes of frauds of England. The laws of this territory in reference to chattel mortgages (Laws 1869, chap. 66) provides, it is true, that personal property may remain in the possession of the mortgagor for the period of one year after the mortgage is recorded if the mortgage shall so provide, but the law only applies to mortgages and other conveyances that have the effect of mortgages and not to absolute sales.

The law in reference to absolute sales, when the possession does not accompany the sale, has given rise to different opinions in different states.

In Pennsylvania, New Jersey, Vermont, and other of the states, it has been held that on sale of chattels possession must accompany the sale, or it is fraudulent in law, although there is no fraud in fact: 5 Serg. & Rawle, 275. In Massachusetts, New Hampshire, Ohio, and other states, it has been held that the remaining in possession after sale is *prima facie* evidence of fraud. Unexplained the retaining of possession after sale would be held fraudulent, but such possession is not held to be exclusive evidence of fraud in itself: 9 Ohio, 153. The latter rule appears to be the prevailing rule, and should be followed in our courts. The court also instructed the jury "that the passing upon the evidence of the contract alleged to have been made by Brammel with the officers of the bank, the jury are to be governed by the weight of testimony, and the language used by Brammel when he got the four hundred dollars, is to be taken as it was understood by the bank, and not as Brammel might have understood it." This instruction was clearly erroneous. The contract, if there was one, was not what one of the parties understood it to be, but what both assented to. There is no contract unless the parties, not one of the parties, assent to. And they must assent to the same thing in the same sense: 1 Parson's Con. 475–80.

The following instruction was requested by the defendant in the court below, and refused by the court: "It devolves upon the plaintiff in the case (defendant in error) to prove the title and ownership of the property taken on the writ of replevin to be in the plaintiff by a preponderance of evidence, and if the evidence shows that title to the property in question at the time this suit was commenced was in any person other than the plaintiff, the Wyoming National Bank, the plaintiff fails in his case, and the verdict must be for the defendant." This instruction should have been given to the jury. The judge who tried the case appears to have fallen in error in considering the

question at issue to be whether the defendant unlawfully took the property in question, when the real question was whether the defendant unlawfully detained the property from the plaintiff?

The important questions presented under the laws of this territory on the subject of replevin (Civil Code, Laws 1869, sec. 186), are: 1. Is the plaintiff the owner of the property in question, or has he a special ownership or property therein? 2. Is he entitled to the immediate possession of the property? 3. Is the property wrongfully detained from him by the defendant? The plaintiff to recover must establish the affirmative of each of these propositions by a preponderance of testimony. If he fails to maintain either of these propositions, the verdict of the jury should be for the defendant. Unless the plaintiff in the court below was the owner of the property in question as alleged, the action of the sheriff, though it may have been wrongful as against Brammel, Ivinson, or the railroad company, could not be taken advantage of by the plaintiff. The plaintiff in an action of replevin must recover, if at all, upon the strength of his own title, and not upon the weakness of that of the defendant: Hilliard on Remedies for Torts, p. 30, sec. 6.

The court also instructed the jury that "in addition to the actual damages sustained by the plaintiff, if the taking of the sheriff was wrongful, you may assess such exemplary or vindictive damages, as a punishment for the wrongful taking, as you think just and proper under the circumstances." Section 196 of the code of civil procedure, laws of 1869, provides, where the property has been delivered to the plaintiff, as in this case, the jury shall assess adequate damages to the plaintiff for the "illegal detention" of the property; not for the "wrongful taking." The section does not authorize vindictive damages, but adequate damages, or, in other words, such damages as the evidence shows the plaintiff has sustained. There are other errors assigned, but we deem it unnecessary to consider them at this time.

Judgment reversed and new trial ordered.