J. C. WILLIAMS, Respondent, v. E. R. CASEBEER, Defendant; JAY J. SMITH, Interpleader, Appellant.

### St. Louis Court of Appeals, April 18, 1893.

**Hearsay evidence: DECLARATIONS OF VENDOR.** Declarations made by the vendor of personalty after the sale and in the absence of the vendee are not competent evidence against the latter, unless they were made in furtherance of a conspiracy to defraud the creditors; and, to render the declarations admissible on that ground, there must be some independent evidence tending to establish the existence of such conspiracy and to show that its object had not been accomplished when the declarations were made.

*Appeal from the Reynolds Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED AND REMANDED.

*Johnson & Edwards*, for appellant.

No brief filed for respondent.

BIGGS, J.—This litigation involves the good faith of an alleged purchase of a stock of goods. The plaintiff attached a portion of the stock as the property of Casebeer. Smyth, the interpleader, filed his interplea claiming to have purchased the goods from Casebeer. In answer to the interplea, Williams charged that the

pretended sale was a sham, concocted to cheat and defraud the creditors of Casebeer. The finding and judgment were against Smyth, and he has appealed.

The points arising for decision under this record are substantially the same as those presented in the case of *Peters-Miller Shoe Co.*, against the same parties *ante* p. 640. In this case, as in that, the court, against the objection of the interpleader, admitted in evidence declarations of Casebeer made subsequently to the sale. The statements of Casebeer, which were made in the absence of Smyth, concerned the object and nature of the transfer and were derogatory of Smyth's title. We think that the court committed prejudicial error in its ruling. Declarations made by the vender of goods during the pendency of the negotiations are admissible as part of the *res gestæ;* and his acts and declarations anterior to the transfer are also admissible to prove fraud on *his* part, provided such acts or declarations are so connected with the transfer as to explain its character, or to form in connection with it one continuous transaction. But his subsequent declarations in opposition to the title of his vendee are hearsay, unless made in the presence of the vendee, or in the furtherance of a conspiracy to defraud creditors. To make such declarations admissible on the last ground, there must be some independent evidence in the case tending to establish such conspiracy, and that at the time the declarations were made the object of the conspiracy had not been accomplished. *Gamble v. Johnson*, 9 Mo. 606; *Potter v. McDowell*, 31 Mo. 62; *Steward v. Thomas*, 35 Mo. 202; *Sutter v. Lackmann*, 39 Mo. 91; *Weinrich v. Porter*, 47 Mo. 293; *Fink v. Algermissen*, 25 Mo. App. 186; Bump on Fraudulent Conveyances [3 Ed.] pp. 582, 587. As there was no evidence tending to prove the existence of such a conspiracy at the time the declarations were made, the statements of Casebeer

were, as to Smyth, hearsay, and were inadmissible for any purpose.

In view of our decision in the *Peters-Miller Shoe Co.* case, a more extended discussion of the law and facts is unnecessary.

For the error committed in the admission of evidence, the judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.