## TOMS ET AL. v. WHITMORE.

PLEDGE — EVIDENCE.

1. To constitute a pledge, the pledgee must take possession.

2. The delivery of possession, to constitute a pledge, must be such as will be requisite to transfer the property in the same chattels in case of a sale of them.

3. F. D. T., residing in Idaho, was indebted to his brother, C. T., residing in Kansas; the latter insisted on being secured, and it was agreed between them that the former should deliver a certain lot of goods to the latter in pledge to secure the debt. In pursuance of such agreement the former delivered the goods in Idaho to a railway company consigning them to the latter in Kansas who was to pay the freight. A regular bill of lading was prepared, showing the receipt of the goods by the company, and the agreement to convey the same to the consignee in Kansas. The bill of lading was afterward given to said consignee by the consignor. Both consignor and consignee testified that the goods were accepted in Idaho, and that the delivery to the railway company constituted the delivery to the consignee who was not in Idaho at the time. While in transit they were attached as the property of F. D. T., the consignor. Held, that the agreement and the delivery of the goods to the carrier consigned to the creditor amounted to a valid and complete pledge of the property.

4. The attention of a witness, not a party, not having been called to a letter claimed to have been written by him, nor to statements made by him, testimony respecting the contents of the letter and such statements is inadmissible to impeach his testimony.

5. The admissions of a vendor of personal property while in possession of the property are competent evidence against the

vendee in a suit wherein the vendor is not a party, and his acts and declarations anterior to the transfer are admissible to prove fraud on his part, at least, if they are so connected with the transfer as to explain its character, or to form in connection with it one continuous transaction.

6. The declarations of a vendor of personal property after parting with possession in opposition to the title of his vendee are hearsay, and inadmissible, unless they are made in the presence of the vendee, or in the furtherance of a conspiracy to defraud creditors; and to become admissible on this ground there must be some independent evidence in the case tending to establish such conspiracy, and that at the time the declarations are made, the object of the conspiracy has not been accomplished.

7. The evidence considered and held insufficient to avoid a pledge on the ground of fraud.

[Decided March 3, 1896.   Commenced in District Court March 6, 1894.]

Error to the District Court for the County of Sweetwater, Hon. Jesse Knight, Judge.

Replevin by Clarkson Toms against Tom Whitmore, sheriff of Sweetwater County, for certain personal property claimed to have been delivered to the plaintiff by F. D. Toms in pledge, the sheriff having attached the property as the property of F. D. Toms, while the same was in transit on board cars consigned in Idaho by F. D. Toms to Clarkson Toms in Kansas.   The material facts are stated in the opinion.

*E. E. Enterline*, for the plaintiffs in error.

Parol evidence is inadmissible to. contradict or change the record as kept by a justice of the peace.   (17 Am. & Eng. Ency. L., 422.)   The judgment rendered by the justice shows on its face that it is void; the hour for trial not being entered, and the record failing to show that plaintiff appeared, both of which are jurisdictional.   (1 Black on Judg., 282; Mudge v. Yaples, 58 Mich., 307; Beach v. Botsford, 1 Doug. Mich., 199; Vroman v. Thompson, 51 Mich., 452; Post v. Harper, 61 id., 434; King v.

Bates, 20 Am. St. Rep., 518 and notes; 80 Mich., 637.)
Statutes permitting constructive service of process must
be strictly construed, and the record of the justice must
affirmatively show jurisdiction. (1 Black on Judg., 222,
232, 281; Levy v. Ferguson, 51 Ark., 317; 12 Am. &
Eng. Ency. L., 504.) A judgment of a justice of the
peace, rendered without jurisdiction, is a nullity and sub-
ject to collateral attack. (1 Black on Judg., 218, 220,
278, 282; Murphy v. Lyons, 19 Neb., 689; 12 Am. &
Eng. Ency. L., 148, note 2 and cases cited; Spear v. Car-
ter, 48 Am. Dec., 688; McDonal v. Prescott, 90 Am.
Dec., 517.) Judgment of a court without jurisdiction is
not even *prima facie* evidence of debt. (Pelton v. Plan-
ter, 42 Am. Dec., 197.) No undertaking after judgment
and before execution being filed as required by statute the
sheriff is not protected. (Rev. Stat., Sec. 3573; 8 Am.
& Eng. L., 328; Bush v. Visant, 40 Ark., 124.) The
following additional authorities were cited in a supple-
mental brief. (Miller v. Plue, Neb., 64 N. W., 232;
Garbanati v. Beckwith, 2 Wyo., 213; Leonosio v. Barte-
lino, 63 N. W., 543; Const., Art. 5, Sec. 10; Rev. Stat.,
Secs. 3415-3664; Jones v. Hunt, 63 N. W., 81.

*C. C. Hamlin* and *C. A. Warner*, for defendant in
error.

For mere irregularities affecting in no way the jurisdic-
of the court, the judgment can not be attacked in a col-
lateral proceeding by one not a party to the record.
(O'Farrell v. Stockman, 19 O. St., 296; Billings v.
Russell, 29 Pa. St., 189; Webster v. Daniel, 47 Ark.,
131.) As between two conflicting dates in the record of
a justice it is competent to prove by the testimony of the
justice which is the correct one. (Darem v. Gow, 50 N.
W., 140.) A record may be amended to conform to the
facts. (Com. v. Phillips, 11 Pick., 27; Morton v.
Edwin, 19 Vt., 77.) Justice of the Peace courts are
courts of general jurisdiction, and it will be presumed
that they acted properly unless the contrary affirmatively

appears by the record. (Fox v. Hoyt, 12 Conn., 491; Lyon v. Alvord, 18 id., 73; Mc Namara v. Rogers, 36 id., 205; Wright v. Hazen, 24 Vt., 143; Farr v. Ladd, 37 id., 158; Billings v. Russell, 23 Pa. St., 189; Stevens v. Mangum, 27 Miss., 481; Turner v. Ireland, 11 Humph., 447; Lightsey v. Harris, 20 Ala., 411.) Where the proceedings of a court of competent jurisdiction are brought before another court collaterally, and it appears on the face of them that the subject was within the jurisdiction of the court, they are voidable only, and errors of irregularities are to be corrected by direct proceedings, either before the same court to set them aside, or in an appellate court. (Thompson v. Tolmie, 2 Pet., 157; Vorhees v. Bank, 10 Pet., 449; Hendrick v. Whitmore, 105 Mass., 28; Black on Judg., Sec. 245.) The rule applies where the court has jurisdiction of the res. (Black, Sec. 246; Otis v. The Rio Grande, 1 Woods, 279.) The judgment of a court of competent jurisdiction can not be attacked collaterally for irregularities not going to the jurisdiction. (Jackson v. Astor, 1 Pinney, 137; Allen v. Huntington, 2 Aik. (Vt.,) 249.) Nor for the reason that the judgment was erroneous. (Black, Sec. 262.) Nor for irregular or defective service, or even for the entire lack of service. (Black, Sec. 263; 15 O., 435; 24 Ark., 405; 3 Strob., 108.) Nor for improper reception of evidence. (Odle v. Frost, 59 Tex., 684; Martin v. Porter, 4 Heisk., 407; Pollock v. Bene, 43 Miss., 140; Bartlett v. Russell, 41 Ga., 196.) Where there is general jurisdiction of subject-matter, justice judgment is not open to collateral attack. (Turner v. Conkie, 132 Ind., 248.) In regard to inferior courts, if the record does affirmatively show the facts necessary to confer jurisdiction, then the same presumptions are indulged in favor of the regularity and validity of its proceedings as are extended to superior courts. (Black, Sec. 287; 77 Ind., 143; 3 Ia., 114; 3 Wall., 396; 22 N. J. L., 396; 18 Ala., 176; 35 Me., 97; 12 Ga., 424; 97 Mo., 406; 117 Mo., 106.) A court may acquire

jurisdiction in attachment proceedings without personal service. (Benson v. Cilley, 8 O. St., 615.) The justice judgment is not void because it fails to show presence of plaintiff. (24 Ark., 122; 2 Wend., 602; 22 Wis., 40; 62 id., 632; 49 N. W., 1128; 6 Barb. 621; 14 Mass., 233; 31 Kan., 306; 108 Ind., 443; 78 id., 579: 1 Ia., 86; 94 U. S., 664; 86 Ind., 43.) Evidence aliunde may be received in support of proceedings before a justice, and even to show jurisdictional matter, at least where the same is not required to be entered on the record. (2 Colo., 85; 12 id., 352; 34 Cal., 321; 27 Miss., 209; 51 N. Y., 378.) An execution will be presumed to have regularly issued. (24 Ark., 359; 1 C. C. A., 339; 6 S. W., 23.)

POTTER, JUSTICE.

Clarkson Toms claimed in his petition a special interest and ownership in certain goods and chattels consisting of one surgeon's operating chair, one sewing-machine, and the contents of three boxes and one trunk, consisting generally of paintings, books, and household goods, alleging that such special ownership and interest was that of pledgee, and that the said property had been delivered to him in pledge, to secure an indebtedness due to him, by F. D. Toms on the 29th day of January, 1894. That on the 31st day of January, 1894, the defendant, as sheriff of Sweetwater County, wrongfully took said property from the possession of plaintiff, and wrongfully detained the same. An order of delivery was issued, and upon the execution of the statutory undertaking the property was delivered into the custody of the plaintiff. The answer denied generally the allegations of the petition, excepting that the official character of the defendant was admitted, and also alleged the value of the property taken under the order of delivery to be the sum of two hundred and fifty dollars. Upon the trial, without the intervention of a jury, the court awarded judgment to defendant and against plaintiff and his surety, The Rock Springs Na-

tional Bank, for the sum of $153.07, damages and costs of suit.

The defendant, upon the trial, claimed the right to the possession of the goods, under an attachment in the suit of The Blyth & Fargo Company against F. D. Toms, brought° and pending before a justice of the peace of Sweetwater County, a judgment rendered therein against said F. D. Toms, and an execution issued thereon. The property had been levied on by the sheriff under the writ of attachment, and was subsequently held under the execution.

The plaintiff objected to the introduction of the papers and records, in the suit before the justice, and contended that the judgment was void, in that it did not affirmatively appear by the docket that the justice had jurisdiction, and various questions are raised respecting the proceedings in that suit. The view which we take of the case, renders a consideration and review of such questions unnecessary. If there was a valid pledge, and delivery of the property to Clarkson Toms before the attachment levy, and if they were legally in his possession as pledgee at the time of such levy, he is not concerned with the other suit in which the attachment issued, as no rights thereunder, however perfect the proceedings may have been, could be acquired in or to the property as against him, unless it should be established that the pledge agreement and delivery of possession to the plaintiff was fraudulent and void as to creditors of F. D. Toms, and then it would be necessary for defendant to show a valid lien upon the property in order to question the *bona fides* of the transaction between F. D. Toms and the plaintiff. If there was no valid pledge, or delivery of possession, and the plaintiff was not in fact in possession as pledgee at the time of the levy, under the writ of attachment, he could not be heard to question the validity of such attachment and levy, it being clear that any right which he claims or acquired, if any, was so acquired prior to the levy.

It appears from the testimony of Clarkson Toms and

F. D. Toms, that, on the 29th day of January, 1894, the
latter, who was then residing at Pocatello, Idaho, was
indebted to the former in the sum of six hundred and
seventy-five dollars for money which had been loaned
and advanced to him from time to time, and that the
same was then due.    That Clarkson Toms, who was a
banker residing at Pratt, Kan., had insisted upon being
secured, and that it was agreed between them that F. B.
Toms should deliver said goods and chattels to the plain-
tiff in pledge to secure the payment of said indebtedness,
the same to be retained by the pledgee until such indebt-
edness should be paid.    In pursuance of such agreement,
and in compliance with the request of the plaintiff, said
F. D. Toms packed the goods at Pocatello, delivered
them to the Union Pacific Railway Company at that
place, and consigned them to C. Toms, Pratt, Kan.
The latter was to pay the freight.    A regular bill of
lading was prepared showing the receipt of the property
by the railway company, and the agreement by it to con-
vey the same to Pratt, Kan., and that the consignee was
C. Toms, the plaintiff.    The bill of lading was taken by
F. D. Toms and afterward given to plaintiff.    While in
transit, the goods having arrived at Green River in this
State, they were levied upon by defendant under a writ
of attachment in the suit aforesaid, and taken from the
railway company by the defendant.    Both Clarkson Toms
and F. D. Toms testify positively respecting the agree-
ment to pledge the goods, and that in pursuance thereof
they were delivered and consigned as above stated, and
that the plaintiff accepted the goods at Pocatello, and the
delivery to the railway company constituted the delivery
of possession to the plaintiff, who is not shown to have
been present at Pocatello at the time.    These facts stand
uncontradicted.    The agreement and delivery of the
goods to the carrier at Pocatello, consigned to the plain-
tiff, amounted in our opinion to a valid and complete
pledge of the property.    To constitute a pledge, the
pledgee must take possession.    The delivery of posses-

sion must be such as would be requisite to transfer the property in the same chattels in case of a sale of them. Jones on Pledges, Sec. 23; Story on Bailments (8th Ed.), Sec. 297.

F. D. Toms testified that he delivered the goods to the railroad company or its receivers, and they were received by the agent of the company as the property of Clarkson Toms. This may amount to a conclusion of law, but if so, under the undisputed facts, it was a correct statement of the law. Such delivery in case of a sale would have passed the property *eo instanti* to the consignee.

During the trial the defendant introduced the depositions of certain witnesses, taken at Pocatello. One witness had assisted in packing the goods, and he testified that F. D. Toms said that he, the witness, was working for said F. D. Toms and no one else; and he also testified that F. D. Toms claimed the goods as his after they were packed and delivered to the depot. This testimony was elicited in answer to the following question:

"He claimed the goods as his, after they were packed and delivered to the depot, did he?" And the witness replied, "Yes, sir." What Toms actually said or did in that respect was not stated by the witness. Two other witnesses were clerks in the freight office of the railway company at Pocatello, and they testified that after the goods had been shipped, the freight agent at that point received a letter from F. D. Toms, in regard to the goods, in which the latter stated that he had not received them, had been expecting them every day, and requesting that they be hurried up, that he needed them badly. The letter was not introduced or offered, the witnesses testified from recollection as to its contents, and it sufficiently appeared that it was out of the State of Idaho, or could not be produced. The witnesses stated that they did not know where it was, but it was sent from the Pocatello office to some other office. All this testimony was objected to, and upon the trial counsel for plaintiff moved to strike it out, which objections and motions were

overruled, and exceptions duly taken. This, together with the testimony of the plaintiff and F. D. Toms, constituted all the evidence in the case, excepting the evidence touching the proceedings in the suit before the justice. The attention of F. D. Toms was not called to the letter, nor to the statement or claims made by him to the witness who assisted in packing the goods. Hence such testimony was not admissible to impeach his testimony.

Dayton v. Wyoming National Bank, 1 Wyo., 263.

If admissible at all, it must have been upon some ground which permits the declarations and acts of a vendor of personal property to be shown as against the vendee in a suit wherein the vendor is not a party. The admissions of such vendor while in possession of the property are competent, and his acts and declarations anterior to the transfer are admissible to prove fraud on his part, at least, if they are so connected with the transfer as to explain its character, or to form in connection with it one continuous transaction. But his subsequent declarations in opposition to the title of his vendee are hearsay, and inadmissible, unless they are made in the presence of the vendee, or in the furtherance of a conspiracy to defraud creditors; and to become admissible upon this last ground there must be some independent evidence in the case tending to establish such conspiracy, and that at the time the declarations are made, the object of the conspiracy has not been accomplished. It is said that where it is a question in the case whether there has actually been a change of possession or not, such question is for the jury, and if it be found that the vendor was in possession when the declarations were made, then they become competent, and therefore are admissible, the same, however, to be given no consideration, if it be found that there had been in fact a change of possession, and the vendor making the admissions or declarations was out of possession when they were made. Williams v. Casebeer, 53 Mo. App., 644; Steward v. Thomas, 35 Mo., 202; Weinrich v. Porter, 47 Mo., 293; Sutter v. Lackmann,

39 Mo., 91; Benjamin v. Mc Elwaine-Richards Co., 10
Ind. App., 76; Tyres v. Kennedy, 126 Ind., 523; Bishop
v. Redmond, 83 Ind., 157; Moore v. Shields, 121 Ind.,
267; Pittsburg, etc., R. R. Co. v. Noel, 77 Ind., 110;
Wait on Fraudulent Conveyances, Secs. 278–280; 1 Green-
leaf, Sec. 111; Jones v. Simpson, 116 U. S., 609;
Winchester & Partridge Mfg. Co. v. Creary, 116
U. S., 161.

Respecting the statements made by F. D. Toms while
the goods were being packed, and while they were clearly
in his possession, we think they were competent for the
purpose of proving fraud upon his part.   It may be said
that the question was in issue as to whether there was a
delivery of possession to the plaintiff at any time, and
that therefore the other declarations were admissible, but
we are of the opinion that upon the undisputed testi-
mony in the case, there was a change of possession, as a
conclusion of law, and the declarations made in the letter
were not admissible under the facts in the case.   If the
claim of F. D. Toms to the ownership of the goods made
to the witness who had assisted in packing them after the
delivery of them at the depot, were so made after the
receipt by the railroad company and consignment to plain-
tiff, then they were likewise incompetent, for the reason
that neither said statements nor the declarations in the let-
ter were shown to have been made or written in the pres-
ence of the plaintiff, nor that he knew of them; and there
is no other evidence of any kind tending to show a con-
spiracy to defraud the creditors of F. D. Toms.

Upon the whole case, however, fraud in the making of
the pledge was not established.   Even should all the acts,
declarations, and statements of the pledgor be allowed in
evidence, they are insufficient in themselves, and they
stand alone, to avoid the transaction as fraudulent.   It is
not shown, or attempted to be shown, that F. D. Toms
was indebted to any one, except that he was indebted to
the attachment plaintiff in the other suit, and this was
only shown by the judgment, which was rendered upon

default without personal service of summons, in a suit wherein Clarkson Toms was not a party. Whether F. D. Toms had permanently removed from Pocatello does not appear, except that he testifies that his residence was at that place when he gave his deposition, although the latter was taken in Kansas. There is no evidence tending to establish any knowledge upon the part of the plaintiff that his pledgor was indebted to any one other than himself. If the facts are that F. D. Toms was in such circumstances as to indicate fraud in making the pledge, they are not disclosed, nor does it appear that the plaintiff knew of any such facts or circumstances, or had any reason to suspect their existence. If F. D. Toms had or has any other property or not, the fact is not shown, nor is any hint one way or the other to be discovered in the evidence. So far as his statement is concerned, to the effect that the witness, Peter Sheriff, was working for him and nobody else in packing the goods, and delivering them to the depot, it neither tends to disprove delivery of possession to the pledgee, nor to establish fraud in the transaction. His claim of ownership at that time was not inconsistent with the pledge. Before change of possession he was the owner for all purposes, and if he was not, the defendant could have acquired no lien in any event; after the change of possession, he was still the general owner, but the pledgee had the right to exclusive possession until the debt due him was paid. The amount of the debt exceeded the most liberal estimate put upon the value of the goods. At the time of the attachment levy the plaintiff was in rightful possession, and had the right to the possession. The defendant's writ did not authorize him to levy upon the property of Clarkson Toms, the plaintiff. It matters not, therefore, how perfect and unassailable the attachment proceedings may have been, they could not affect the property of any person other than F. D. Toms.

To uphold the judgment of the district court, then, it is necessary to conclude primarily, that either there was in

fact no sufficient delivery to constitute a pledge, or that the pledge was fraudulent and void as to creditors; we have indicated that we can do neither. Our conclusion, therefore, is that the plaintiff upon the uncontradicted testimony in the case, there being an absence of any evidence upon which fraud can be imputed, had a special interest in the property as pledgee to secure the payment of an indebtedness due to him from the owner, greater in amount than the value of the property, and that he was entitled to the exclusive possession thereof. The same was taken by the defendant without his consent. The judgment for defendant was erroneous, for these reasons, and must be reversed, and the case remanded for a new trial.

*Reversed*

GROESBECK, C. J., and CONAWAY, J., concur.