WILLIAM M. WHITE, Appellant, v. JAMES A. GIBSON, Garnishee, Respondent; WILLIAM E. GIBSON, Defendant.

Kansas City Court of Appeals, June 5, 1905.

1. FRAUDULENT CONVEYANCES: Usual Method: Badge of Fraud. Certain assignments of certain contracts and the method of performing the contracts are held an unusual way of doing business, and as such a badge of fraud; and taken in connection with other matters were sufficient to send the case to the jury in the absence of explanation by the garnishee.

2. ———: Conspiracy: Evidence: Application in Bankruptcy. Certain application in a bankrupt court seeking to restrain ac-

White v. Gibson.

tion on the garnishment under trial, is held admissible on the part of the plaintiff after he had shown a conspiracy between the defendant and the garnishee; but a certain deed to a stranger was inadmissible.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*Street, Eastin & Corby* for appellant.

(1) The notice and application of W. E. Gibson to the federal court asking that plaintiff be restrained from further proceeding in this case, etc., offered by the plaintiff should have been admitted in evidence. The conspiracy had been sufficiently established by the testimony offered prior to the time these papers were offered. Weinstein v. Reid, 25 Mo. App. 41; Boyd v. Jones, 60 Mo. 454; Jones v. Simpson, 116 U. S. 609; Caldwell v. Williams, 1 Ind. (1 Cart.) 405; Main v. Lynch, 54 Md. 658; Souder v. Schechterly, 91 Pa. St. 83. (2) A conspiracy may be established by circumstantial as well as by direct evidence. Hart v. Hopson, 52 Mo. App. 177; Williams v. Casebeer, 53 Mo. App. 644; Potter v. McDowell, 31 Mo. 62; Weinrich v. Porter, 47 Mo. 293; Holliday v. Jackson, 30 Mo. App. 263; Hart v. Hicks, 129 Mo. 99; State v. Walker, 98 Mo. 95. (3) These papers were admissible on the ground also that they constituted a circumstance tending to show a fraudulent design to hinder, delay and defraud the plaintiff. Weinstein v. Reid, 25 Mo. App. 41. (4) In actions for fraud large latitude is always given to the admissibility of evidence. Snell v. Harrison, 104 Mo. 158; Weinstein v. Reid, 25 Mo. App. 41; Smally v. Hale, 37 Mo. 102; Stewart v. Severance, 43 Mo. 322; Lane v. Kingsbury, 11 Mo. 402; Burgert v. Borchert, 59 Mo. 80; Butler v. Watkins, supra; Gillett on Indirect and Col. Ev., sec. 80. (5) The mandatory instruction requir-

ing the jury to find for the defendant should not have been given. Chamberlin v. Smith, 1 Mo. 482; Speed v. Herrin, 4 Mo. 356; Robbins v. Ins. Co., 12 Mo. 380; Twohey v. Fruin, 96 Mo. 109; Connolley v. Printing Co., 166 Mo. 447.

R. L. Spencer for respondent.

(1) Where an act done is as consistent with fair dealing as with fraud, the transaction will be presumed to be honest. Hoeller v. Haffner, 155 Mo. 589. (2) Appellant furnished no evidence of the fraudulent assignment, or of any want of consideration, and the garnishee's answer (sworn to and not being controverted by any evidence) stands conclusive in this case in behalf of the garnishee. Hax v. Plaster Co., 82 Mo. App. 447.

BROADDUS, P. J.—On May 1, 1902, plaintiff recovered judgment against the defendant, William E. Gibson, for $3,217.83. Execution was issued thereon directed to the sheriff, who, on the twenty-third day of said month, summoned James A. Gibson, as garnishee. The latter filed a general denial. During the course of the proceeding plaintiff filed an amended denial to garnishee's answer, and garnishee filed an amended reply thereto, upon which the cause was tried. The court, after the close of the evidence, instructed the jury to find for the garnishee. A verdict was accordingly rendered and judgment given thereon, from which plaintiff appealed.

The allegations of plaintiff's pleading are: That defendant entered into various contracts with the knowledge and consent of the garnishee, from which certain indebtedness accrued to him, and that said garnishee collected the proceeds of said contracts and now retains them in fraud of defendant's creditors. One of these contracts was to construct certain walls and abutments

for the St. Joseph Stock Yards Company, entered into on the — day of ——, 1902; and one for paving a certain street in the City of St. Joseph. Plaintiff alleges that the garnishee collected and had on hand from said contract the following amounts of money, to-wit: June 2, 1902, $305.10; June 16, 1902, $463.80; and on May 26, 1903, $500.00 from the St. Joseph Stock Yards contract; and on October 3, 1903, $1,160.75 from the street paving contract.

The garnishee answered substantially that defendant became so involved financially that he was unable to finish said street contract, and that he assigned the same to one, Solomon Connett; that it was agreed by said Connett at the time he took said assignment that he would reimburse to the garnishee the sum of $250 for labor already performed on the contract, and for which he had assigned labor claims for work done on the same; and that afterwards, in May, 1902, said Connett entered into an agreement with garnishee by which the latter took an assignment of said contract, and in consideration thereof he released defendant and the said Connett from their obligation to repay to him said sum of $250; and that garnishee entered into and performed said street paving contract at his own expense, and that money arising therefrom is now on deposit to await the disposition of this suit, as agreed by the parties hereto. The garnishee also sets up as a defense that W. E. Gibson was, on the 13th day of January, 1903, duly declared a bankrupt by the United States District Court at St. Joseph, and on April 9, 1904, received his discharge from said court; and that thereby the judgment of plaintiff against W. E. Gibson was discharged, which in law is a bar to this action against him. The other allegations of the petition he meets by a general denial.

It appears from the evidence that the contract for the street paving was made by plaintiff and defendant some time in the year 1901, and that in November of

that year the partnership of plaintiff and defendant, W. E. Gibson, was brought into court and their property placed in the hands of a receiver who, under authority from the court, sold several carloads of the firm's stone—then at Hallard, Missouri—to defendant, a part of which was used on the street improvement contract. Other stone was shipped in March and April, 1902, from Hallard by defendant and used on said street. The receiver's report shows that on March 20, 1902, he collected from W. E. Gibson $61.15 for crushed rock and gutter stone. The report of the receiver also shows that between the third day of March and the second day of April, 1902, defendant purchased from him and shipped from the quarry at Wathena nine cars of rubble stone, which was also used on said street. Some work was done on the street in question in the fall of 1901, and the greater part finished during the months of March, April and May of the next year. The books of Farmer & Dunn, who furnished material for the street work, showed that material was furnished from June 25 to July 12, and charged to defendant—but that the garnishee paid for it. A person who represented the property-owners along the street, stated that he did not know that the garnishee had anything to do with the work until it was completed.

The contract for the work on the stock yards also required sone, sand and lime. The stone came from Wathena, Kansas. The waybills show that it was shipped over the railroad in the name of defendant, both as consignee and consignor until May 23, at which time the garnishment was served; after which time, for stone shipped the garnishee was both consignee and consignor. The evidence disclosed that defendant was in charge of the work and signed receipts for freight. The name of defendant was erased from the receipts after May 19 up to the time the freights were consigned to the garnishee. But it does not appear at whose instance this

White v. Gibson.

was done. Sand for the work was bought, charged and delivered to defendant until May 14, and after that time to garnishee. And the lime and cement were charged and delivered to defendant until May 19. The books containing a charge of material to defendant of the date of May 19 was charged by a line drawn through the name of defendant and by writing the name of the garnishee over it.

It was shown that plaintiff after the date of his judgment employed one Greenfield to assist him in learning what property defendant owned. For that purpose he visited defendant's house but gained no information. In a short time thereafter he met the garnishee and a conversation arose about Greenfield's visit to defendant's house, when garnishee said to him that plaintiff was welcome to all he could get out of them as matters had been "arranged" or "fixed." The defendants were father and son. The garnishee offered no evidence.

The assignment of the contract for the street improvement by defendant to Connett in January, 1902, and his subsequent assignment of it to the garnishee in May, without any apparent consideration for the same, indicates that Connett had no interest in the business whatever; and, besides, it is not alleged in garnishee's answer, nor does it appear from the testimony that at any time he did any work or expended any money on the street improvements, although much work was performed and materials furnished between the time he received the assignment and his assignment of the contract in May to the garnishee; during which time the inference is, that the work was being done and the materials furnished by defendant, as he was in charge and no one else was connected with the business. It is not charged by the garnishee in his answer, nor shown by the evidence, that he paid any other consideration for the contract than the $250 he held for labor claims, although at that

time the greater part of the work had been done and the greater part of the materials furnished therefor by defendant.

On the face of the record Connett figures as an intermediary without any interest of his own to serve. And we can see no purpose which he could serve, without the parties to the transaction had something in view that they did not wish to divulge. In view of the admitted pecuniary condition of defendant, the evidence tended to show that the intention was to hoodwink defendant's creditors. And this view is strengthened when we consider the fact that defendant received nothing from the garnishee for a great part of the work he had done and materials he had furnished under the contract. The fact that the garnishee had advanced $250 for labor claims on the work does not account for any sufficient consideration for the assignment of the contract at that time, as it was of much value by reason of the extent of its performance. To say the least of the transaction, it was an unusual way of doing business, and as such was a badge of fraud. [Snell v. Harrison, 104 Mo. 158.] It was a circumstance tending to show fraud. [Burgert v. Borchert, 59 Mo. 80; Stewart v. Severance, 43 Mo. 322.]

The change of consignor and consignee at once from defendant to garnishee of materials shipped to be used in the work, so soon after the service of garnishment the almost constant supervision of the work by defendant; and the language of the garnishee to Greenfield that plaintiff was welcome to all he could get out of them, as matters had been "arranged" or "fixed," taken in connection with other matters referred to, furnished sufficient evidence to entitle the plaintiff to go to the jury. It was incumbent on the garnishee to explain the matters, if it was in his power, and to show that his conduct was consistent with fair dealing.

The plaintiff at the trial offered to introduce the ap-

plication of defendant to the United States court, which offer recited that he had applied for a discharge in bankruptcy to restrain further action on the garnishment proceeding until after his discharge in bankruptcy. The court rejected the offer. This was error. After the showing that plaintiff had made that there was a conspiracy between defendant and garnishee to defraud the creditors of the former, the tender was admissible. [Hart v. Hicks, 129 Mo. 99; State v. Walker, 98 Mo. 95; Williams v. Casebeer, 53 Mo. App. 644.]

It is not apparent to us that the deed to certain real estate from defendant to Spencer had any bearing on the case, and it was properly rejected as evidence.

The cause is reversed and remanded. All concur.