Pearson, J.
 

 The case turned upon the intent, with which Clarke executed the mortgage deeds. The defendant alleged, that his intent was to hinder, delay and defraud his creditors. His declarations, immediately before and in contemplation of the act, were clearly admissible to show his object in doing it. He was the owner of the property. His declarations were against his interest, and strong evidence bearing upon the very point against him and the plaintiff" who claims under
 
 Ms deed.
 
 In fact, the question was concluded by admitting the first part of the conversation without objection. In that, he declared in general terms an ntention to avoid the payment of his debts; and the. suh-
 
 *250
 
 sequent part of the conversation, in reference to the amount he owed the plaintiff, was a mere explanation of the manner, in which the fraud, avowed in the former part, was to be effected.
 

 The
 
 competency
 
 of the wile is not made a question by this record, and we can, therefore, give no opinion upon it.
 

 The declarations of Clarke, after the execution of the mortgage deeds, were properly rejected. He was not then the owner of the property, for the conveyance, although void as to creditors, was valid as between the parties; and his declarations were inadmissible to sustain his deeds against one, who claims under a title conferred by law.
 

 We are at a loss conceive of any principle, by which it ought to have been held, that the •' finding of the referees,” and the decree between the plaintiff and Clarke, were con-elusive on the defendant. It was “
 
 res inter alios acta,”
 
 and, was evidence merely of its existence, and not of its truth. „
 

 There is no error.
 

 Pee. Curiam. Judgment affirmed.