LYMAN DOWNS v. BUEL C. BELDEN.

*Competency of Witness under § 24, ch. 36, of the Gen. Sts. Declarations against Interest.   Bona Fide Purchaser.*

In trover for property which the plaintiff purchased of B., deceased, of whom the defendant claimed to have subsequently purchased it, *held*, that the plaintiff was a competent witness in his own behalf, to his contract of purchase.

The declarations of B. against his title to said property, made after it was sold to the plaintiff, and while in B's possession, but before the purchase by the defendant, were *held* admissible against the defendant.

In order to constitute a *bona fide* purchaser, it is necessary to advance or part with money or other thing in payment. Thus, where the vendee, by agreement with the vendor, indorsed the purchase price on a note he held against the vendor, he was *held* not to be a *bona fide* purchaser.

TROVER for a mare and a yoke of oxen. Plea, the general issue, and trial by jury, September term, 1873, BARRETT, J., presiding.

The plaintiff's evidence tended to show that he purchased said property in June, 1869, at Sandersfield, Mass., of one James Belden, of said Sandersfield, and paid therefor the sum of $240, and then took and kept the possession and control thereof, till the defendant took the same to Vermont; that the plaintiff resided in said Belden's family before and at the time of said purchase, and continued to make it his home there till after the said Belden died, September 8, 1871; that by agreement, said property remained upon said Belden's premises, but in the plaintiff's possession and under his control; that the defendant, a son of said James, resided on a farm adjoining his father's at the time of the plaintiff's purchase, and that the fact of such purchase was notorious in the community, and the defendant was informed thereof a few days after the purchase, and knew that said property belonged to the plaintiff when he took it to Vermont, where he took the mare in June, 1871, and the oxen the September after. The plaintiff's deposition was read in evidence, wherein he testified as to his purchase of said property, to which the defendant objected, because the said James was dead; but the court admitted the

same ; to which the defendant excepted. The plaintiff also offered testimony to show that the said James said, on several occasions after the purchase by the plaintiff, and while the property was on the said James's premises as aforesaid, that it belonged to the plaintiff ; to which the defendant objected ; but the same was admitted by the court, and the defendant excepted. The defendant's evidence tended to show that he purchased said oxen of the said James in June, 1871, at $145, which amount he indorsed by agreement, on a note he then held against the said James for a greater amount, and that he had no knowledge of the plaintiff's claim at the time of his purchase ; that said oxen always remained on the premises of the said James up to the time of the defendant's purchase, and that the plaintiff never had any possession or control of them. The court charged the jury, among other things, that if they found that the plaintiff purchased said oxen as he claimed, the defendant was not a *bona fide* purchaser thereof as against the plaintiff, although he had no notice of the plaintiff's claim, because of the mode in which he paid for them ; that in order to make him such purchaser as against the plaintiff, he must have advanced his money or property in payment therefor, and that an indorsement of the price upon the note as aforesaid, was not sufficient ; to which the defendant excepted. Verdict. for the plaintiff.

*S. T. Davenport* and *C. F. Boyd*, for the defendant.

The court should have excluded that part of the plaintiff's deposition wherein he testified to the contract of purchase of the property. Gen. Sts. ch. 36, § 24 ; *Fitzsimmons* v. *Southwick*, 38 Vt. 509 ; *Ford's Exrs.* v. *Cheney*, 40 Vt. 153 ; *Lytle, apt.* v. *Bond's Estate*, 40 Vt. 618 ; *Hollister* v. *Young*, 41 Vt. 156 ; *Hollister* v. *Young*, 42 Vt. 403 ; *Merrill* v. *Pinney*, 43 Vt. 605 ; *Roberts* v. *Lund*, 45 Vt. 82.

The court erred in admitting the declarations of James Belden as to the ownership of the property. 1 Phil. Ev. 229.

The court erred in charging the jury that the defendant was not a *bona fide* purchaser of the oxen. It makes no difference that the defendant advanced no money or property for the cattle ; he

was as much a *bona fide* purchaser as though he did. It is a maxim of the law well established, that if either of two innocent parties must suffer by the wrong of a third person, that one must bear the burden who, by his acts or negligence, has contributed the *most* towards the injury or loss; or, in other words, who by his negligence, has enabled such third party to practice a fraud upon the other.

*O. E. Butterfield*, for the plaintiff.

The defendant's objection to the plaintiff's deposition is not well founded. Gen. Sts. ch. 36, § 24 ; *Morse, exr.* v. *Low, admr.* 44 Vt. 561. The case does not come within the mischief intended to be guarded against ; nor within the letter or spirit of the statute. *Thrall & Smith* v. *Seward, admr.* 37 Vt. 573 ; *Fitzsimmons* v. *Southwick*, 38 Vt. 509 ; *Cheney* v. *Pierce*, 38 Vt. 515 ; *Manufacturers' Bank* v. *Schofield*, 39 Vt. 590 ; *Cole* v. *Shurtleff & Tr.* 41 Vt. 311.

The declarations and admissions of James Belden were admissible. 1 Phil. Ev. 193 ; Swift Ev. 128, 129 ; 1 Greenl. Ev. §§ 189, 190, and cases cited ; *Miller* v. *Bingham et als.* 29 Vt. 82 ; *Hayward Rubber Co.* v. *Dunklee*, 30 Vt. 29.

There was no error in the charge of the court. A *bona fide* purchaser is one who obtains goods in the usual course of trade without notice, and who gives value for them by making advances or incurring responsibilities. But not one who receives them in payment or as security for a prior debt. Hilliard Sales, 283, § 4 ; 2 Kent. Com. 514, n. d ; *Root* v. *French*, 13 Wend. 570 ; *George* v. *Kimball*, 24 Pick. 234 ; *Rowley et al.* v. *Bigelow et al.* 12 Pick. 307 ; *Field, Morris & Co.* v. *Stearns*, 42 Vt. 106.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The defendant insists that the testimony of the plaintiff as to the purchase of the property in question of James Belden, should have been excluded under § 24, ch. 36, of the Gen. Sts., the said James Belden being dead. This is an action of trover to recover the value of the property in question. The cause of action in issue is the unlawful conversion of the

property by the defendant. The parties to this cause of action are both living ; hence the case does not come within the *letter* of the statute, as in *Hollister, admr.* v. *Young*, 41 Vt. 156. James Belden's estate is in no sense a party to this suit, or in any way interested in, or to be affected by, the result, and for that reason the case does not come within the *spirit* of the statute, or the principle recognized in *Fitzsimmons* v. *Southwick*, and *Cheney* v. *Pierce*, 38 Vt. 509, 515, and that class of cases. We think that the purchase of the property by the plaintiff of James Belden, was a matter collateral to the cause of action in issue and on trial. It was material and admissible as bearing upon the question involved, but did not constitute the basis of the action or of the defence, and comes clearly within the principle recognized in *Bank* v. *Schofield*, 39 Vt. 590 ; *Cole* v. *Shurtleff*, 41 Vt. 311, and *Morse, exr.* v. *Low*, 44 Vt. 561. We think there was no error in admitting this testimony.

The defendant further claims that the testimony as to the declaration of James Belden, as to the ownership of the property, should have been excluded. The declarations proved were made while Belden had the property in his possession, prior to the sale to the defendant, and were against his own title and interest ; that such declarations were admissible against the defendant, is fully established by this court, in *Miller* v. *Bingham*, 29 Vt 82 ; and *Rubber Co.* v. *Dunklee*, 30 Vt. 29. The decisions in those cases must govern this.

We think there was no error in the charge of the court in respect to the purchase of the property of Belden by the defendant. After the sale of the property by Belden to the plaintiff, the title to the property was in the plaintiff ; he, by leaving it in Belden's possession, by our law, took the risk of Belden's selling it to a *bona fide* purchaser for value, as in such a case the plaintiff would have lost his title to the property. In this case the defendant took the property of Belden in part payment of a pre-existing debt, and endorsed the amount upon the note he held against him. This did not make him a *bona fide* purchaser within the legal meaning of that term. To make him such, he must have paid, advanced, or parted with something, either money, or some other

thing, in payment for the property so purchased; this he did not do; he merely took it in payment. He cannot stand upon Belden's title, as he had no title to convey; and as against the plaintiff, he can acquire a superior right, only by showing that he has been led to part with his property in consequence of the plaintiff's leaving the property in Belden's possession, thereby enabling Belden to defraud him by selling property he did not own. But in this case the defendant has not parted with anything; if Belden did not own the property, the debt is not paid, and the defendant has the same right to enforce it that he had before, hence it is that he is not a *bona fide* purchaser for value. This principle is well settled. 13 Wend. 570; 2 Kent Com. 514, note; 24 Pick. 241; 12 Pick. 307; Hilliard Sales, 283, § 4; 42 Vt. 106.

Judgment of county court affirmed.