## COUNTY OF CHITTENDEN,

#### AT THE

### JANUARY TERM, 1875.

PRESENT:

Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE, } ASSISTANT JUDGES.
Hon. TIMOTHY P. REDFIELD,

---

### GEORGE ALGER *v.* ANDREWS & BALDWIN.

#### *Declarations against Interest.*

In trover, the defendants claimed title to the property through B., who turned it out to them to secure a then existing debt. *Held*, that the declarations of B. against his title to the property, made while it was in his possession, and before he assigned it to the defendants, were admissible against the defendants, *and that they might be proved by persons other than B.*

TROVER for a sleigh. Trial by jury, September term, 1873, PIERPOINT, Ch. J., presiding.·

In the fall of 1872, the plaintiff owned the sleigh in question, and left it in the possession of one Ring, of whom he bought it. One Brown, a boot-maker, living near Ring, moved it from Ring's possession, and had it in his possession, and used it more or less till the last of sleighing, when he ran away. The plaintiff testified

that after he bought the sleigh, Brown asked him if he would sell it, and he told him he would for twelve pairs of boots, and if he wanted it for that, they would have a writing made, the plaintiff reserving a lien on the sleigh, and that Brown said he would take it; that he had no further talk with Brown about selling the sleigh; that Brown had sheepskins of him that winter, and partly paid him therefor in boots, but that Brown did not buy the sleigh of him, and he never received any boots on account of the sleigh, and never made any writing in reference to the sleigh; that a few days after Brown asked him how much he would sell the sleigh for, Brown told him he learned that Ring was about to be attached, and that he went and removed the sleigh to his place, and saved it from going to pay Ring's debts, that he wanted to use it occasionally, and said the plaintiff could get it from his place just as easily as from Ring's. The plaintiff offered to show that Brown, immediately after he removed the sleigh, told Ring, who asked him why he had removed it, that it was Alger's; that he told other parties the same some time during the winter, and that he told one Carl but a few days before he ran away, that it was not his sleigh but belonged to Alger. It was not claimed that any of the above declarations of Brown were made in the presence of the defendants, or either of them. The court excluded this evidence, to which the plaintiff excepted.

The defendants were merchants, and during the winter had trusted Brown for goods, and when they pressed him for pay, he said he would leave the sleigh with them as security for their debt, and they told him if it was all right they would take it as security; they ascertained there was no recorded lien on it in the town clerk's office, and took it into their possession as security for their debt, with the understanding that if Brown did not pay in a reasonable time, the sleigh was to be theirs; and as Brown did not pay, they sold it.

*C. J. Alger*, for the plaintiff.

The declarations of Brown were those of a party through whom the defendants claim title, and the cases and elementary writers nearly all agree that such admissions are receivable. 1 Greenl.

Ev. §§ 190, 191; 3 Bouvier's Institutes, 364; 1 Phil. Ev. 314, 526, 531, and notes; *Hayward Rubber Co.* v. *Duncklee*, 30 Vt. 29; *Downs* v. *Belden*, 46 Vt. 674; *Thomas* v. *Wheeler*, 47 Mo. 365; *Roebke* v. *Andrews*, 26 Wis.; *Eaton* v. *Corson*, 59 Me. 510.

This rule in *Hines et al.* v. *Soule*, 14 Vt. 99, has been varied by *Miller* v. *Wood*, 44 Vt. 381. In *Miller* v. *Bingham et als.* 29 Vt. 82, the same doctrine is advanced as to declarations being proved by those who heard them, rather than by the party who made them, as was required in the case in the 14 Vt. In *Bullard* v. *Billings*, 2 Vt. 309, it does not appear that the party whose declarations were given was dead. The question being, simply, whether they were made before or after he parted with his possession. *Reed* v. *Rice*, 25 Vt. 171. The conclusions from all the cases in Vermont would seem to be, that this point has never been directly and fully passed upon by the supreme court.

*Russell & Washburn* and *Henry Ballard*, for the defendants.

The court properly excluded the evidence of the declarations of Brown. The rule is well settled in this state, that the admissions of a party cannot be shown in evidence while he is still living, against his *bona fide* assignee, or vendee, taking without notice of such admissions. In *Hines et al.* v. *Soule*, 14 Vt. 99,— a case in which the authorities are reviewed and discussed at length,—the rule is laid down, " that if a person is living and can be a witness, he must be called, and that his admissions are not evidence against his vendee or successor, though made while in possession and against his title." To the same effect are the cases of *Ellis* v. *Howard et als.* 17 Vt. 330; *Fitch* v. *Chapman*, 10 Conn. 9; *Bristol* v. *Dana*, 12 Wend. 142; *Alexander* v. *Mahon*, 11 Johns. 185; *Paige* v. *Cagwin*, 7 Hill, 361; *Coit* v. *Howd*, 1 Gray, 547. The defendants were *bona fide* purchasers for value. Hilliard Sales, 442.

The exceptions to this rule are in those cases where the assignor or vendor of a chattel has made declarations against his title *before he assigned it*, and the assignee or vendee has taken it with a knowledge of such declarations, or under circumstances of suspicion. 1 Greenl. Ev. § 190. The case of *Miller* v. *Bingham et*

*al.* 29 Vt. 88, limits *Hines et al.* v. *Soule* to that extent, and no farther. Such declarations made after a transfer are never admissible in any case. *Bullard* v. *Billings*, 2 Vt. 309.

In this case, the plaintiff did not bring his offer within the exceptions to the rule ; he did not state that these declarations were made by Brown *before he transferred the sleigh to the defendants ;* but his offer was a *general one,*—to show all declarations that Brown had made at any time, whether before or after the transfer to the defendants. Neither did he offer to show that the defendants had any knowledge of these declarations at the time they took the sleigh from Brown.

The opinion of the court was delivered by

BARRETT, J. The principal benefit likely to be realized from the promulgation of a formal opinion in this case, would seem to result from making it the occasion of explicitly announcing, that the decision on the point on which the judgment was reversed in *Hines* v. *Soule et al.* 14 Vt. 99, has been overruled, and for many years has not been regarded by the bench and bar of this state as declaring the true law of the subject. In the opinion drawn up by Judge BENNETT, it was made plain that, upon principle and authority, the admissions in question were proper to be given in evidence. It seems that he thought, also, that they might be proved by witnesses other than the person making them, even though such person should be living and able to be had in court as a witness on the trial. It seems that at the same time, his two associates, in the absence of Judge ROYCE, thought otherwise ; and so he yielded for the sake of the necessary unanimity, to enable the case to be decided. This was in 1842. A note to *Reed* v. *Rice*, 25 Vt. 177, shows that one of those associates, in 1853, had come to his opinion, as to the proof of such admissions by other witnesses than the person who made them. The decision in *Hayward Rubber Co.* v. *Duncklee*, 30 Vt. 29, shows that the same judge was, in 1856, agreeing with Judge BENNETT on the other question, to the effect that " admissions made by the assignor of a chattel or personal contract, prior to the assignment,

and where the assignee must recover through the title of the assignor, and succeeds only to that title as it stood at the time of the transfer, bind the assignee." In that case the defendant claimed to hold the property by attachment, as the creditor of the party whose admissions, made prior to said attachment, the plaintiffs gave in evidence, to show that the ownership was in them, and not in the defendant's debtor. At the same term of the court, the same doctrine was held as to admissions made by the assignor of notes and mortgage, as to payments having been made on them. See *Miller* v. *Bingham et al.* 29 Vt. 82. As to the proof of declarations or admissions by other witnesses than the person making them, *Miller* v. *Wood et al.* may be referred to, 44 Vt. 378. It will be seen that the point of exception in this case is identical with one point of exception and decision in *Downs* v. *Belden*, 46 Vt. 677. The court held that the evidence was properly admitted—the Ch. J. referring in the opinion to the cases of *Miller* v. *Bingham*, and *Rubber Co.* v. *Duncklee*, *supra*, as governing the subject.

It is not needful to enter into any discussion of the subject. 1 Phil. Ev. Cow. & Hill's notes (5th Am. ed. 1868), note 104, p. 255, opens a wide field of learning appertaining to it. We decide only the point as it is made, upon the facts in the present case, without entering upon the distinctions that have been taken, discussed, and adopted in some of the cases, between a purchaser and an assignee, and the like ; as, for instance, in *Coit* v. *Howd*, 1 Gray, 547. In the case in hand, the defendants claim to have received the property from Brown, as security, or in payment of a debt existing prior to the receiving of the property.

We think there is no ground for the point made in the argument, that the exceptions do not show that the declarations were made by Brown before he transferred the sleigh to the defendants. Of course only such declarations or admissions would be legitimate to affect the title of the defendants. The excluding of the evidence of such declarations is deemed to have been erroneous.

Judgment reversed, and cause remanded.