## HOWARD v. FRANKLIN INS. CO.
### (No. 1150.)

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1920.)

1. **Evidence** ⊂⇒231(3)—Admissions of mortgagor as to having stolen the property inadmissible against mortgagee.

Testimony as to an admission by mortgagor of automobile, subsequent to execution of mortgage and in absence of bona fide mortgagee, that mortgagor had stolen the automobile, *held* inadmissible against the mortgagee.

2. **Appeal and error** ⊂⇒1050(1)—Declaration of mortgagor not binding on bona fide mortgagee held prejudicial to him.

In action by bona fide mortgagee to foreclose mortgage on automobile, involving validity of mortgage, admission of testimony as to a declaration by mortgagor, not made in mortgagee's presence, that he had stolen the automobile, *held* reversible error.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by John B. Howard against the Franklin Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

John B. Howard and Clem Calhoun, both of Pecos, for appellant.

Ben Palmer, of Pecos, and W. T. McConnell, of Oklahoma City, Okl., for appellee.

HIGGINS, J. About January 14, 1919, an Oldsmobile automobile was stolen from the Norris Motor Sales Company in Oklahoma City, Okl. The car was insured against theft by the appellee, which paid the loss to the Norris Motor Sales Company and took title to the car. About February 8, 1919, a man by the name of Moore employed the appellant, Howard, to represent him in the defense of a criminal charge pending in the district court at Pecos, in Reeves county, Tex. To cover Mr. Howard's fee Moore gave Howard his note for $500 secured by a chattel mortgage on an Oldsmobile car then in the possession of Moore. Howard testified that

when the note and mortgage was given Moore delivered the possession of the car to him with instructions to sell the same and apply the proceeds to the payment of the note. Howard rendered to Moore the services he agreed to perform. Some time in July, 1919, W. T. McConnell, an agent of the appellee, came to Pecos, obtained possession of the car, and was preparing to ship the same back to Oklahoma City. Thereupon Howard filed suit against Moore upon the note theretofore given and for foreclosure of the mortgage lien and sued out sequestration proceedings under which the car was seized by the constable. Thereupon the appellee made claimant's oath to the car and gave the bond required by law and issue was joined for trial of the right of property to the car between the insurance company and Howard. Upon trial a verdict was returned and judgment rendered in favor of the insurance company, and Howard appeals.

### Opinion.

McConnell, the agent of appellee and a witness in its behalf, was permitted to testify to a statement made to him by Moore subsequent to the execution of the mortgage to Howard and not in the latter's presence. The statement was that Moore had taken the automobile in question from in front of the place of business of the Norris Motor Sales Company in Oklahoma City, and in effect amounted to an admission that he had stolen it from that company.

This testimony was admitted over objection, and error is here assigned to its admission. Among other objections, it was urged that it was hearsay and prejudicial to appellant.

It has often been held that declarations of a grantor in a deed, made subsequent to its execution, in disparagment of his title, are inadmissible against his grantee.

The same rule applies to such statements made by the vendor of personalty.

[1] And a bona fide mortgagee is likewise protected against the damaging effect of such admissions made by the mortgagor. Howard was a bona fide mortgagee, and under the authorities the evidence should have been excluded. Howard v. McKenzie, 54 Tex. 171, 188; Hamberg v. Wood, 66 Tex. 168, 18 S. W. 623; Rankin v. Bell, 85 Tex. 32, 19 S. W. 874; Fox v. Willis, 60 Tex. 376; Mower v. McCarthy, 79 Vt. 142, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 Am. St. Rep. 942; 1 R. C. L. 526; 2 Jones on Evidence, §§ 241, 242, 244, 245; 2 Wigmore on Evidence, § 1085.

[2] The damaging nature of such evidence is apparent and its admission necessitates a reversal.

The remaining assignment questions the sufficiency of the evidence to support the

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

verdict and judgment. The evidence is sufficient. In view of the necessity for retrial it will not be discussed.

Reversed and remanded.