**UNITED STATES of America,**
**Appellant,**

v.

**George GOODMAN, Appellee.**

**No. 18488.**

United States Court of Appeals
Fifth Circuit.

March 16, 1961.

W. Harold Bigham, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Paul E. Gifford, Asst. U. S. Atty., Miami, Fla., George Cochran Doub, Asst. Atty. Gen., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellant.

Burton Young, Malcolm H. Fromberg, of Snyder, Young & Stern, North Miami Beach, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a judgment of the District Court dismissing the government's suit for the conversion by the defendant Goodman of two government drafts alleged to have been issued for services previously fully paid for.

Briefly stated, the suit filed by the United States alleged that it had become obligated to Panorama Photo Service, Inc., of which the defendant Goodman was president; that it had paid for such services by issuing drafts in favor of the corporation totalling $6679.20; that thereafter the United States Navy, through an administrative error, caused two additional drafts totalling $6679.20 to be issued; that the defendant Goodman, in behalf of the corporation, received the said drafts, knowing, or under obligation to know, that the corporation had performed no services and furnished no material to warrant the issuance or receipt of these invoices and that the corporation had been paid in full for the services it had performed; that the government made demand on Goodman for a return of the drafts without success; and that the defendant Goodman "did fraudulently and wilfully convert the aforementioned sum of $6679.20 to the use of the said Panorama Photo Service, Inc., of which he was President, and to his own use." The United States alleged that by reason of these facts it had been damaged to the extent of $6679.20.

The defendant moved to dismiss for failure to state a cause of action. The trial court dismissed the complaint with leave to amend. Following immaterial amendments contained in an amended complaint, the trial court again dismissed. A second amended complaint was then filed and again a dismissal was ordered with leave to amend within sixty days with the proviso attached to the court's order:

"2) If the plaintiff shall elect to file a Third Amended Complaint, it shall attach thereto complete photostatic copies of the drafts described in Paragraph 10 of the plaintiff's Second Amended Complaint."

The United States elected not to amend again. Thereupon the District Court finally dismissed the complaint. This appeal followed.

We are given no inkling by anything done or said by the trial court as to the basis on which he decided that the government's complaint failed to set out a cause of action.

Under the present simplified rules of pleading, prescribed under the Federal Rules of Civil Procedure, rule 7 et seq., 28 U.S.C.A., the complaint was more than sufficient to state facts upon which relief could be granted.

■ A complaint is sufficient if the plaintiff would be entitled to relief under any state of facts which could be proved in support of the claim alleged. Bruce Construction Corp. v. United States, 5 Cir., 242 F.2d 873. Guth v. Texas Company, 7 Cir., 155 F.2d 563. Bowles v. Cabot, 2 Cir., 153 F.2d 258.

■ Moreover, there was no basis for the requirement imposed by the trial court that copies of the drafts be attached to the complaint. The drafts were evidence and were not required to be attached to the petition. This is not even a case in which the plaintiff was suing on the drafts themselves. They were suing for a conversion of the drafts.

■ In his brief filed here the appellee complained of the absence in the petition of any allegation that the drafts had been paid. He asserts that unless the defendant took some affirmative act with respect to the drafts there could be no conversion, citing Phillips v. Brigham, 26 Ga. 617, and Johnson v. Tuttle, 108 Vt. 291, 187 A. 515, 106 A.L.R. 1291. We think this goes to the question of damages rather than the existence of a cause of action. We think it is well settled that the assertion by the defendant of title to the drafts following his refusal to return them upon request could amount to a conversion.

■ The appellee seems to contend that Goodman cannot be sued in this case if he turned the drafts over to the corporation in good faith, citing Insurance Co. of North America v. Fourth National Bank, D.C.N.D.Ga., 14 F.2d 131. This case is not applicable here, for the suit there was not for the tort of conversion. In such a situation we think the following principle applies:

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal  *   * " Restatement, Agency, Section 343.

■ There is no merit in appellee's contention that the corporation was an indispensable party. Acts of tort feasors are joint and several. Either of them can be sued separately. Pioche Mines Consol., Inc. v. Fidelity Philadelphia Trust Co., 9 Cir., 206 F.2d 336. 3 Moore's Federal Practice, p. 2153.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.